# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BENJAMIN H. JONES,

    Plaintiff,

v.                              Case No. 8:10-CV-398-T-30TGW

DONOVAN INDUSTRIES, INC.,

    Defendant.
_____/

## ORDER

Plaintiff initiated this action *pro se* by filing a civil rights complaint pursuant to 42 U.S.C. §1983 (Dkt. 1), a Motion for Appointment of Counsel (Dkt. 2), an Affidavit in Support of the Plaintiff's Motion for the Appointment of Counsel (Dkt. 3), and a Memorandum of Law in Support of the Plaintiff's Motion for the Appointment of Counsel (Dkt. 4). Plaintiff did not pay the filing fee. Therefore, the Court treats this action as an *in forma pauperis* proceeding pursuant to 28 U.S.C. § 1915.

### Plaintiff's allegations

In his complaint, Plaintiff essentially alleges that in 2009, he received an "indigent bag" which contained an "empty lotion pack." (Dkt. 1 at pg. 2). He alleges that Defendant provided the "lotion pack" to the prison, and that "over the years" "breaches of contract have been committed by [Defendant] with their shampoo and shaving cream packets." (Id.). For relief, Plaintiff seeks compensatory and punitive damages, and an injunction ordering Defendant to "stop sending defective products to the department of prisons." (Id. at pg. 3).

## Analysis

Because Plaintiff seeks to proceed *in forma pauperis*, this Court is required to review Plaintiff's case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

A complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See id.* at 328. Section 1915(e)(2)(B)(I) dismissals should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995).

First, Plaintiff's complaint fails to allege any facts demonstrating that Defendant acted under color of state law. A §1983 plaintiff must not only allege that he was deprived of a federal right but also allege that the deprivation was caused by a person acting under color

of state law. Defendant is a private entity, and private actors do not act under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful or injurious, is not actionable under § 1983. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982).

Second, the allegations of Plaintiff's complaint wholly fail to show that he was deprived of a federal right. The Eighth Amendment prohibits infliction of cruel and unusual punishment, thus mandating prison officials to provide humane conditions of confinement. The Constitution, however, "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and prison officials must merely ensure that inmates receive adequate food, clothing, shelter, and medical care, plus must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

The allegations of the complaint fail to state a claim upon which relief may be granted. The complaint merely alleges that in 2009, Plaintiff received an "empty lotion pack," and that "over the years...breaches of contract have been committed by [Defendant] with their shampoo and shaving cream packets." The complaint does not allege an "extreme deprivation." *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("extreme deprivations are required to make out a conditions-of-confinement claim").

Finally, to the extent Plaintiff asserts a state-law breach of contract claim, the Court exercises its discretion[1] to decline supplemental jurisdiction over the claim. See 28 U.S.C.

---

[1]The exercise of supplemental jurisdiction is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

3

§ 1367(c)(3) (providing that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction"). *See also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004)(Eleventh Circuit Court of Appeals has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed . . . ."). Accordingly, Plaintiff's pendent state-law breach of contract claim will be dismissed without prejudice.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint (Dkt. 1) is **DISMISSED** as frivolous.

2. To the extent that Plaintiff has alleged a state-law breach of contract claim, the Court in its discretion declines supplemental jurisdiction over said claim, and said state-law claim is hereby **DISMISSED** without prejudice.

3. The Clerk is directed to enter judgment against Plaintiff, terminate any pending motions, and close the case.

**DONE** and **ORDERED** in Tampa, Florida on March 18, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

4